## Commonwealth ex rel. Atwell v. Maroney

*James H. Frantz*, for petitioner.

*S. F. Bonavita*, for respondent.

FLICK, JR., J., August 13, 1965.—On June 5, 1964, defendant waived his right to counsel, entered a plea

of guilty on a charge of driving during a period of license suspension, and was sentenced to undergo imprisonment in the Allegheny County Workhouse for a period of not less than three and not more than six months, and on the same date defendant waived his right to counsel, entered a plea of guilty to a charge of driving under the influence of intoxicating liquor and was sentenced to undergo imprisonment of not less than three and not more than six months in the Allegheny County Workhouse, and the sentence imposed at August sessions 1964, no. 25, was to run concurrently with the sentence imposed at August sessions 1964, no. 24. The said sentences were served, and an order for parole entered on August 20, 1964, by the Court of Quarter Sessions of Warren County, at the expiration of the minimum sentence; but by reason of said offenses and the sentences made thereon, defendant was recommitted to the State Correctional Institution at Pittsburgh for violation of parole on a sentence imposed upon him by the Court of Quarter Sessions of Crawford County, Pa.

On May 20, 1965, while still undergoing imprisonment by said recommitment on the Crawford County sentence, Melvin R. Atwell filed a petition for writ of habeas corpus, averring that said Warren County sentences were illegal under the rule of Gideon v. Wainwright, 372 U. S. 335, as he was not represented by counsel at the time he entered a plea of guilty and received said sentences to the Allegheny County Workhouse, and he did not intelligently waive his right to counsel. By order of July 9, 1965, petitioner was permitted to proceed in forma pauperis; the district attorney was directed to file an answer to the petition; the court reporter was directed to prepare a transcript of the record of the hearing at the time of sentence; a hearing on the petition was set for 2 p.m. on August 5, 1965, in the Warren County Courthouse, and the

order further provided for transportation of petitioner from the State Correctional Institution at Pittsburgh to Warren, Pa., by the Sheriff of Warren County.

James H. Frantz, Esq., of the Warren County bar, was appointed counsel for petitioner to represent him at the hearing and in connection with any further proceedings which might be necessary. At the hearing, testimony was given by defendant and by the District Attorney of Warren, Samuel F. Bonavita. Legal arguments were heard on August 13, 1965, and the matter is now ready for a final determination.

In the court's opinion, the prayer of the petition must be granted, the writ of habeas corpus issued, and the sentences to the Allegheny County Workhouse vacated. This case appears to be squarely ruled by the case of United States of America ex rel. Donald D. Emerson v. James F. Maroney, civil action no. 64-450, in the United States District Court for the Western District of Pennsylvania. In that case, Emerson, who had been sentenced by the Court of Quarter Sessions of Warren County to the State Correctional Institution in Pittsburgh, after waiving his right to counsel and entering a plea of guilty, filed a petition for writ of habeas corpus in the Court of Common Pleas of Warren County pursuant to the holding of the Supreme Court of the United States in Gideon v. Wainwright. The court of common pleas dismissed the petition without a hearing, because the record showed that Emerson was asked if he wanted a lawyer and he said "No". After this ruling had been affirmed by the Supreme Court of Pennsylvania, Emerson filed a petition in the United States District Court for the Western District of Pennsylvania. After hearing, in a brief opinion, Chief Judge Wallace S. Gourley cited Gideon v. Wainwright, supra, and United States ex rel. Craig v. Myers, 329 F. 2d 856 (3rd Cir., 1964), applying Gideon retroactively and

found that, although the record showed defendant waived his right to counsel, he "did not knowingly and intelligently waive his right to counsel as he did not understand that counsel would be appointed for him by the court if he was unable to retain counsel". On July 27, 1965, Chief Judge Gourley made an order granting Emerson's petition for writ of habeas corpus. The effectiveness of the order was stayed for a period of 60 days "to allow the Commonwealth of Pennsylvania time to determine whether or not it cared to retry the petitioner for the crimes committed".

As in the Emerson case, the record in this case shows that petitioner waived his right to counsel and entered a plea of guilty to each of the charges against him, but the record does not show that he was informed that "counsel would be appointed for him by the court if he was unable to retain counsel". This seems to be the crux of the ruling of Chief Judge Gourley in the Emerson case, and it applies to the instant case where the state of the record is the same.

Therefore, the prayer of the petition of Melvin R. Atwell for writ of habeas corpus will be granted and the court enters the following order:

ORDER

And now, August 13, 1965, for the reasons stated in the foregoing opinion, it is hereby ordered that the petition of Melvin R. Atwell for writ of habeas corpus is granted and the sentences to the Allegheny County Workhouse imposed on him June 5, 1964, at August sessions 1964, no. 24, and August sessions 1964, no. 25, are vacated; and it is further ordered that Melvin R. Atwell shall be given sufficient opportunity to confer with his court-appointed counsel, James H. Frantz, Esq., in order that he may appear for arraignment in open court, represented by said court-appointed counsel, to plead to the charges on which the sentences hereby vacated were made.